Case 4:22-cv-02579   Document 1-5   Filed on 08/03/22 in TXSD   Page 1 of 5

4/12/2022 4:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63511847
By: Joshua Hall
Filed: 4/12/2022 4:22 PM

**2022-22252 / Court: 295**

CAUSE NO. _____

| | | |
|---|---|---|
| **RAYSA GONZALEZ** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **CHIPOTLE MEXICAN GRILL, INC,** | § | |
| *Defendant.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Raysa Gonzalez ("Plaintiff"), and files Plaintiff's Original Petition complaining of and against Chipotle Mexican Grill Inc., ("Defendant"), and would respectfully show the Court as follows:

### I. RELIEF AND DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself justly entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Raysa Gonzalez, is an individual over the age of eighteen, residing in Houston County, Texas.

Defendant, Chipotle Mexican Grill Inc., is a Delaware corporation registered to conduct business under the laws of the State of Texas. Chipotle Mexican Grill Inc., may be served with process through its registered agent, National Registered Agents, Inc., <u>1999 Bryan Street, Suite 900, Dallas, Texas 75201-3116, or wherever the registered agent may be found</u>.  Service on Chipotle

Mexican Grill Inc. is hereby requested at this time.

Plaintiff expressly invokes the right under Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE to have the true name(s) of the parties substituted at a later time upon the motion of any party or of the court.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On the evening of Wednesday, December 2, 2020, Plaintiff, Raysa Gonzalez was a business invitee at Chipotle Mexican Grill Inc., while in the course and scope of employment for DoorDash, and was going to make a pick-up at the Chipotle Mexican Grill located at 13630 East Freeway, Suite 100, Houston, Texas 77015. As Plaintiff was entering the store, the door matt slipped from under her and caused her to fall. The unsecured floor matt was in an area of high foot traffic. At the time of the incident, this store was owned, controlled, and/or operated by Defendant.

There were no signs posted near the slippery floor to warn invitees such as Plaintiff of the unreasonably dangerous condition posed by the slippery matt on the floor. Plaintiff was rushed to HCA hospital via ambulance immediately following her fall. Plaintiff suffered bodily injuries as a result of this incident.

### V. NEGLIGENCE OF CHIPOTLE MEXICAN GRILL INC.

Because Plaintiff was on Defendant's premises to pick-up an order, she was an invitee at the time of the incident. The slippery floor in the front entrance that was located on Defendant's premises posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant

knew or should have known of the danger posed by the slippery floor on its premises. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

   a.   In failing to verbally warn invitees, such as Plaintiff, of the slippery floor;

   b.   In failing to place any warning signs in the area of the slippery floor;

   c.   In failing to place any barriers in the area of the slippery floor to prevent invitees, such as Plaintiff, from unwitting being exposed to the danger of a slick wet floor;

   d.   In failing to make the condition reasonably safe by posting signs;

   e.   In failing to place adequate warning signs; and

   f.   In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's fall and her resulting injuries and damages.

## VI. D<small>AMAGES</small>

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.  Because of the nature and severity of the injuries Plaintiff sustained, she has suffered lost wages in the past for approximately three months.

The injuries sustained by Plaintiff have required medical treatment in the past, and in

reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

### VII. R‌ESERVE THE R‌IGHT TO A‌MEND & S‌UPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

### VIII. D‌ESIGNATED E-S‌ERVICE E‌MAIL A‌DDRESS

The following are the undersigned attorney's designation of electronic service email addresses for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R. Civ. P, 21(a) and 21(f)(2). (sstraus@millerweisbrod.com & kzuniga@millerweisbrod.com). These are the ONLY electronic service email addresses, and service through any other email address will be considered invalid.

### IX. P‌RE-J‌UDGMENT I‌NTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

### X. J‌URY D‌EMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial

by jury and the appropriate fee is being tendered.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the highest legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICE OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone:  (713) 349-1500
Facsimile:  (713) 432-7785

*/s/ Sofia M. Straus*
Sofia M. Straus
State Bar No.: 24107934
sstraus@millerweisbrod.com
ATTORNEY FOR PLAINTIFF